# In the United States Court of Federal Claims

No. 24-1180

Filed: September 12, 2024

|   |
|---|
| **ALEXANDER B. WILSON,** *Plaintiff*, v. **THE UNITED STATES,** *Defendant*. |

## ORDER DISMISSING COMPLAINT

      To proceed with a civil action, a plaintiff must either pay $405.00 in fees or request authorization to proceed without prepayment of fees by applying to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915. Pro se Plaintiff, Alexander B. Wilson ("Mr. Wilson"), filed this lawsuit without doing either. (Compl., ECF No. 1). On August 5, 2024, this Court denied Mr. Wilson's Complaint to proceed *in forma pauperis* because his application ("IFP application") was incomplete. (*See* ECF No. 5 at 1–2).[1] The Court ordered Mr. Wilson to file a corrected IFP application or to pay the required filing fee by August 27. (*Id.* at 1). While Mr. Wilson did submit a deficient filing in lieu of a corrected IFP application, that document does not satisfy the Court's Order and must be rejected. Because Mr. Wilson failed to pay the requisite fees and has not been granted *in forma pauperis* status, he cannot pursue this litigation. Therefore, the Court hereby **DISMISSES** his Complaint pursuant to RCFC 41(b).

      Even if Mr. Wilson had cured the relevant administrative defects, his Complaint would be dismissed for lack of subject matter jurisdiction. RCFC 12(h)(3). The Court has "an independent obligation" to ensure subject-matter jurisdiction exists in every case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (allowing *sua sponte* dismissal). Therefore, the Court analyzes pleadings to determine if the allegations invoke the Court's limited jurisdiction which only extends to claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the United States; or (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money by the United States. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004).

---

[1] That Order also dismissed co-plaintiff Shenna Shaw and co-defendant Jeff Bailey. (ECF No. 5 at 1–2).

There is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011). Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve pro se plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court may excuse ambiguities, but not defects. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015).

While it is difficult to discern Mr. Wilson's claims, the Court understands his Complaint to request a "declaratory judgment and injunctive relief" for alleged privacy violations. (*See* Compl. at 3). Mr. Wilson states:

> "On July 24, Wed [sic] I awake my phone was unplug on July 15, 2024 I got a email on my computer phone which state that I will received [sic] VA check and IRS stimulus check within 2-3 week I got a email from food and care. One email states Wilson vs Wilson amount of 100,000,000. dollars when I got up July 24, 2024 I had a phone over 400 min [sic] but the phone now has over 1,200 min [sic] these two inmate commucate [sic] over my phone."

(Compl. at 1). When read liberally, the Complaint alleges that Mr. Wilson's fellow inmates used Mr. Wilson's personal phone to communicate. (*Id.*).

Insomuch that Mr. Wilson's claims are against other inmates for using his phone, this is likely a tortious act against a private party. This Court does not have jurisdiction over tort claims, nor does it exercise jurisdiction over actions against private parties or state agencies. *See e.g.*, *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("A plaintiff who seeks redress in the Court of Federal Claims must present a claim for actual, presently due money damages from the United States.") (internal quotes and citations omitted); *Starnes v. United States*, 162 Fed. Cl. 468, 473 (Fed. Cl. 2022) (holding that the Court of Federal Claims does not exercise jurisdiction over tort claims); *Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (Fed. Cl. 2007) ("When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, [the Court of Federal Claims] has no jurisdiction to hear those allegations."). To the extent Mr. Wilson's claims invoke private, tortious misconduct, Mr. Wilson may not pursue those theories in this Court.

As mentioned above, Mr. Wilson attempted to file a "Notice to Court," received on September 5, 2024. This document appears to be a copy of his prison trust account, but it is not accompanied by a completed IFP Application as ordered, (ECF No. 5). As there is no provision in the Court's rules for filing this item, the Clerk is **DIRECTED TO REJECT** this submission. Pursuant to RCFC 41(b), Mr. Wilson's Complaint is **DISMISSED** for failure to either pay the appropriate filing fee or comply with *in forma pauperis* filing requirements. Further, the Court notes that it lacks subject-matter jurisdiction over Mr. Wilson's claims. The Clerk **SHALL** enter judgment accordingly.

The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*,

88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Mr. Wilson is not enjoined from proper post-dismissal filings in this case, nor is he required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once dismissed.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge